**Mary Raphael, Defendant in Error, v. J. W. McGraw, Plaintiff in Error.**

**Gen. No. 18,268. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed March 11, 1914.

## Statement of the Case.

Action by Mary Raphael against J. W. McGraw to recover damages for breach of a building contract wherein defendant agreed to build for plaintiff a flat building for $4,500, of which $2,000 was to be paid when the building was under roof, $1,000 when plastered and $1,500 when finished. The defendant commenced performance of the contract and continued work on the building until, as he claims, the same was plastered, when he demanded the $1,000 according to the terms of the contract. The $2,000 to be paid when the building was under roof was duly paid, but a controversy arose between the parties when the sum of $1,000 was not paid as demanded and resulted in the defendant abandoning the job. The building was completed by the plaintiff, and this suit was brought to recover $488.50, which plaintiff claims it cost her to complete the building according to the specifications, in excess of the contract price. The jury found the issues for plaintiff and assessed her damages at $394.52. To reverse a judgment entered on the verdict, defendant prosecutes a writ of error.

Fred H. Atwood, Frank B. Pease and Charles O. Loucks, for plaintiff in error; Vernon R. Loucks, of counsel.

John J. Poulton, for defendant in error.

Mr. Presiding Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

1. Building and construction contracts, § 98*—*admissibility of evidence.* In an action against a contractor to recover damages for breach of a building contract which was in writing and apparently full and complete, the specifications as to the work being made a part of the contract, letters written by defendant to plaintiff weeks before the contract was entered into relating to en-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

tirely different plans, and plaintiff's testimony as to conversations had with defendant prior to the making of the contract concerning the contemplated work, *held* improperly admitted in evidence.

2. EVIDENCE, § 319*—*what not admissible to vary terms of written contract.* Upon the signing of a contract all previous negotiations and conversations are merged into it, and they are inadmissible to alter or contradict it.

3. EVIDENCE, § 361*—*when parol evidence admissible to construe words in building contract.* Where a building contract provides that a certain sum shall be paid "when the building is plastered," expert evidence offered to prove what condition the plastering must be in to fulfill the contract according to the recognized custom in the building trade, *held* erroneously excluded.

4. CONTRACTS, § 393*—*when instruction as to performance of contract erroneous.* In an action for breach of a building contract, part of an instruction given for plaintiff stated that if the jury "further believe from the evidence that the plaintiff has complied with her part of the contract, in so far as she could, then your verdict should be for the plaintiff." *Held* that the instruction was erroneous in so far as it limited the duty of plaintiff to perform her part of the contract "in so far as she could."

5. CONTRACTS, § 295*—*excuse for nonperformance.* One party to a contract cannot enforce it against the other unless he performs it on his part, and it is immaterial whether his failure to perform is due to wilfulness or misfortune.